**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **TOBY LEE ANTOINE** | **DOCKET NO. 2:25-cv-0892** |
| **D.O.C. # 482449** | **SECTION P** |
| | |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| | |
| **WARDEN** | **MAGISTRATE JUDGE LEBLANC** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 by Toby Lee Antoine, who is proceeding pro se in this matter. Antoine is an inmate in the custody of the Louisiana Department of Public Safety and Corrections. He is incarcerated at the Allen Correctional Center in Kinder, Louisiana.

This matter is before the court on initial review under Rule 4 of the Rules Governing Section 2254 Proceedings in the United States District Courts, and has been referred to the undersigned for review, report, and recommendations in accordance with the provisions of 28 U.S.C. § 636. For the following reasons **IT IS RECOMMEDED** that the petition be **DENIED** and **DISMISSED** without prejudice for lack of jurisdiction.

### I.    BACKGROUND

Antoine brings this petition to attack his conviction in the 33rd Judicial District Court, Parish of Allen, on one count of manslaughter and the 35-year sentence he received. Doc. 1.  He complains that his sentence was imposed in violation of the Constitution.

The petition presently before this Court is Antoine's sixth petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed in this Court challenging the same conviction and sentence. *See Antoine v. Terrell*, No. 2:19-cv-1458 (W.D. La. May 5, 2020) (dismissed as time-barred);

*Antoine v. Unknown Defendant*, No. 2:22-cv-1092 (W.D. La., Aug. 2, 2022) (dismissed for lack of jurisdiction); *Antoine v. Terrell*, No. 2:22-cv-6204 (W.D. La., Feb. 28, 2023) (dismissed for lack of jurisdiction); *Antoine v. Warden*, No. 2:23-cv-1609 (Nov. 14, 2025) (dismissed for lack of jurisdiction); *Antoine v. Warden,* No. 2:24-cv-904 (Jan. 27, 2026) (dismissed for lack of jurisdiction).

## II.    LAW AND APPLICATION

The Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. 104-132, 110 Stat. 1214, limits the circumstances under which a state prisoner may file a second or successive application for habeas relief in federal court.  An application "is 'second or successive' when it: '1) raises a claim challenging the petitioner's conviction or sentence that was or could have been raised in an earlier petition; or 2) otherwise constitutes an abuse of the writ.'"  *United States v. Orozco-Ramirez,* 211 F.3d 862, 867 (5th Cir. 2000).  In this instance, the Court finds the present petition successive within the meaning of 28 U.S.C. § 2244(b).  It contains claims that were or could have been raised in his earlier federal petitions.

When a petition is second or successive, the petitioner must seek an order from the United States Fifth Circuit Court of Appeals that authorizes this Court to consider the petition. *See* 28 U.S.C. § 2244(b)(3)(A).  The Fifth Circuit "may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of [§ 2244(b)]." *Id*. § 2244(b)(3)(C).  To present a claim in a second or successive application that was not presented in a prior application, the application must show that it is based on: (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found him guilty of the offense; or (2) a new rule of constitutional

law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. *Id*. § 2244(b)(2). Before petitioner files his application in this Court, a three-judge panel of the Fifth Circuit must determine whether the application makes the requisite prima facie showing. *See id*. § 2244(b)(3)(A) and (B).

Before this Court may consider a successive petition, Petitioner must, as mentioned, obtain authorization to file it from the United States Fifth Circuit Court of Appeals. 28 U.S.C. § 2244(b)(3)(A). Because the record does not reveal that Petitioner received such authorization, this Court lacks jurisdiction. *See Hooker v. Sivley*, 187 F.3d 680, 682 (5th Cir. 1999).

## III.   SANCTIONS

The Court possesses the inherent power "to protect the efficient and orderly administration of justice and . . . to command respect for the court's orders, judgments, procedures, and authority." *In re Stone*, 986 F.2d 898, 902 (5th Cir. 1993). Included in such inherent power is "the power to levy sanctions in response to abusive litigation practices." *Id*. Sanctions may be appropriate when a pro se litigant has a history of submitting multiple frivolous claims. *See* Fed. R. Civ. P. 11; *Mendoza v. Lynaugh*, 989 F.2d 191, 195-97 (5th Cir. 1993). Pro se litigants have "no license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." *Farguson v. MBank Houston, N.A.*, 808 F.2d 358, 359 (5th Cir. 1986). "Abusers of the judicial process are not entitled to sue and appeal without paying the normal filing fees -- indeed, are not entitled to sue and appeal, period. Abusers of process are not merely not to be subsidized; they are to be sanctioned." *Free v. United States*, 879 F.2d 1535, 1536 (7th Cir. 1989).

This is the sixth time Petitioner has tried to collaterally attack his state conviction in a petition filed pursuant to 28 U.S.C. § 2254. The Court previously warned Petitioner that should he file another petition attacking his state conviction without obtaining leave from the Fifth Circuit,

he could be barred from filing additional petitions or other actions relating to this conviction in federal court without first obtaining leave of court. *See Antoine v. Unknown Defendant*, No. 2:22-cv-6204 (W.D. La., Jan. 26, 2023) at doc. 2, p. 4. Despite this express warning, Antoine has filed three (3) subsequent petitions attacking the same state court conviction without obtaining leave from the Fifth Circuit. *See Antoine v. Warden*, No. 2:23-1609 (W.D. La. Nov. 9, 2023); *Antoine v. Warden*, No. 2:24-904 (W.D. La. July 1, 2024); *Antoine v. Warden*, 2:25-892 (W.D. La. June 18, 2025). He should therefore be BARRED from filing any additional habeas actions in federal court without leave of court. Moreover, should he file any additional petitions challenging his 2004 conviction in the 33rd Judicial District Court, he should be SANCTIONED $50.00, taxable from his prisoner account.

## IV.
### CONCLUSION

Based on the foregoing, **IT IS RECOMMENDED** that the instant petition be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS FURTHER RECOMMENDED** that petitioner be BARRED from filing additional petitions or other actions relating to this conviction in federal court without first obtaining leave of court.

Pursuant to 28 U.S.C. § 636(b)(1)(C) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days from receipt of this Report and Recommendation to file any objections with the Clerk of Court. Timely objections will be considered by the district judge prior to a final ruling.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service shall bar an aggrieved party from attacking either the factual findings or the legal

conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415, 1429–30 (5th Cir.  1996).

In accordance with Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. *See* 28 U.S.C. § 2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

THUS DONE AND SIGNED in chambers this 9th day of March, 2026.

_____
THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE